# THE PEOPLE AND TAYLOR a. THE MAYOR, &c., OF NEW YORK.

*Supreme Court, First District; General Term, July, 1858.*

### PARTIES.—ACTION FOR LANDS.—RECEIVER.

In an action for lands, under the Code, there cannot properly be several plaintiffs claiming under distinct titles for distinct interests.

The People of the State and certain individuals who were their lessees of real property, united in bringing an action for the possession thereof. The complaint alleged that the lands were owned in fee by the People, who, unless a lease thereinafter described was valid, were entitled to the possession; that the Corporation of the city of New York had taken possession of the premises, and rented the same to the other defendants, who, unless the lease thereinafter described was valid, wrongfully withheld possession from the People; that subsequent to such taking possession, the People gave to the individual plaintiffs a lease of the lands, who, under the lease, if it was valid, became entitled to the possession, but the defendants wrongfully withheld it; that the defendants in possession refused to pay rents to the plaintiffs, being directed to refuse by the Corporation, and that they paid their rents to the agent of the Corporation.

*Held*, that the People were not entitled to judgment, either for possession or for rents and profits. By the averments of the complaint they appeared to have no interest in the action, and were not proper parties thereto.

A receiver cannot be appointed in an action to recover possession of real property, unless some equitable grounds are made to appear, entitling the plaintiff to the rents and profits *as such*, or unless their sequestration is necessary to his protection.

An injunction was granted, and a receiver of the rents and profits of the premises, the title to which was the subject of this action, appointed in July, 1858, at a special term. The facts of the case are fully stated in the report of that and other proceedings in the cause, 8 *Ante*, 7.

The Corporation appealed from the order for an injunction and a receiver.*

---

* After argument of the appeal at the November term, 1858, this decision was made, and would have been announced in February, 1859, but for the fact that

*William Curtis Noyes* and *Charles O'Conor*, for the appellants, the Mayor, &c.

*E. W. Stoughton* and *John Van Buren*, for the respondents, the People, and Taylor, and Brennan.

By the Court.*—Mullen, J.—The People of the State granted to the city of New York the right to erect piers on a strip of land lying westerly of the city limits, and to receive the income thereof. In process of time these piers became filled up so as to render them unfit for the uses for which they were constructed, and the city proceeded and filled up said piers, to the same level with the adjoining upland, and on it erected a temporary building for a market, adjoining Washington Market, and rented said building and the lands adjoining to marketmen for weekly rents. The filling up was done in 1853, and the city has leased said premises for about $40,000 per annum since that time.

In April, 1858, the commissioners of the land office leased the premises in controversy to Messrs. Taylor and Brennan for one year from the 1st May then next, at the annual rent of $5000, payable quarterly in advance. By a subsequent resolution, the term created by said lease was extended until such time as the said premises should be disposed of according to law, or until the said commissioners should otherwise direct.

Soon after the execution and delivery of this lease, the said plaintiffs commenced this action, and procured the appointment of a receiver of the rents and profits of the said property, and an injunction restraining the city and its agents from collecting the same. From this order this appeal is brought.

The complaint as amended contains a single count, and it charges that the People are owners in fee of the premises in question, and legally entitled to the rents, issues, and profits up to 1st May, and to the possession since, unless Taylor and Brennan are entitled; that the city has taken possession of and

---

the plaintiffs discontinued the suit as against the city, and sent a written notice of the fact to all the judges. But in June or July last the corporation counsel gave notice of motion for judgment, and on July 12 the court met and pronounced their decision as above.

* Present, Davies, Clerke, and Mullen, JJ.

rented the same to the other defendants, and unless said lease be held valid, said defendants withhold from the People the possession; that the People by the commissioners of the land office made the lease above mentioned, on which the lessees paid in advance one quarter's rent; that the said city occupy and rent, and withhold possession from said Taylor and Brennan, who are legally entitled to possession thereof; that the tenants of the city pay rent to the city officers, and refuse to pay to plaintiffs, or to acknowledge their title. The complaint then charges that the rents are not property collected by the city, and are not paid into the city treasury; that the agents who collect are irresponsible, and that the rents will be lost unless the city is restrained from collecting; that the occupants of said premises have for several years last past paid annually for the use thereof over $40,000; that the comptroller of the city has stated that the city has no title to the premises, and therefore he has omitted attempting to enforce the collection of the rents; that many of the defendants are non-residents and irresponsible, and the rents would be lost unless collected weekly; and that said comptroller has stated that a receiver of said rents ought to be appointed. The plaintiffs then pray judgment against defendants, and each of them, in favor of whichever of plaintiffs is entitled thereto, and that the rights of the plaintiffs as between themselves and defendant, and each of them, may be declared, and that defendants may be adjudged to render possession to whichever of plaintiffs may be entitled thereto, and to pay the damage for rents, issues, and profits, while said premises have been unlawfully withheld.

An injunction is also prayed for, restraining the officers of the city from collecting rents, and the other defendants from paying the rents to such officers.

This complaint expressly alleges that the State, the owner in fee, did, on the 24th April last, lease the premises, for a year, to Taylor and Brennan. The People then were not, on the 13th May, when this action was commenced, entitled to the possession of these premises, and as a consequence could maintain no action to which possession or the right of possession is essential. So far then as the complaint asks for a judgment that possession be delivered to the People, it shows by its own averments that the People are not entitled to any such judgment.

For the same reasons the People are not, during the running of the lease, entitled to the rents and profits. They belong only to the party entitled to the possession. At the commencement of the term created by the lease, the right of the People to the rents and profits ceased.

The People cannot unite with Taylor and Brennan in an action for the rents and profits accruing before the lease was given, as Taylor and Brennan have no interest in such rents and profits.

The Code (§ 111) requires that action shall be prosecuted by the real party in interest. This precludes, it seems to me, not only all nominal parties, but all having a mere speculative interest in the subject-matter of the controversy. In no aspect of the case can I perceive any interest in the State in this litigation. The case must be disposed of on the principle that Taylor and Brennan are the only parties plaintiff in this suit.

It was argued by the plaintiffs' counsel that such a joinder of parties as was made in this case was held proper in Lee a. Ballentine (7 Wend., 4705). In that case a motion was made on the part of the defendants to strike out two counts from the declaration, on the ground that another suit had been brought by the lessors of the plaintiff on those counts for the recovery of the same premises. The motion was denied, but not on any principle that would help the plaintiffs here. In the action of ejectment at common law, it was competent to allege a demise from as many lessors as there were counts. There was but one plaintiff, although he was a mere imaginary one. All this is swept away by the Code. Under it there cannot be several plaintiffs claiming under distinct titles for distinct interests.

Assuming that Taylor and Brennan are the only parties plaintiff, let us in the next place ascertain what they seek to obtain in this suit. In their behalf a surrender of possession is demanded, and a judgment for rents and profits. This is precisely the relief given in ejectment, or, as it is now called, the action to recover possession of real property. It is alleged in the complaint that the occupants have for several years last past paid annual rent for said premises, and that the city has rented portions of the said premises to the several defendants. The landlord and tenants then are joined as defendants in the action, and a surrender of possession and payment of rents and profits

are demanded from both. I will not stop to inquire whether it is proper to join such parties as defendants, but will assume that it is. Let us see what results follow such a joinder, in a case where a receiver of the rents and profits is appointed. The receiver collects the rents secured by the landlord's lease. He thus treats the lease as valid, and of course the terms created by the lease are valid also. The gravamen of the action is that both landlord and tenant are trespassers—in without right; the receiver treats the tenant as lawfully in, and the term as validly created by the landlord. The application for the receivership of the rents from the tenants is a distinct recognition by the plaintiff of the validity of the tenant's term.

When the landlord alone is sued in ejectment, having left the property to tenants, and is himself irresponsible, I can perceive no objection in such case to the appointment of a receiver of the rents. In such case the absurdity of seeking to remove the occupant because his possession is unlawful, and at the same time accepting rent as for a lawful occupation, is avoided.

If, as against these actual occupants, a receiver may be appointed, and they compelled to pay over the rent to him, then surely a 'receiver may be appointed to receive of the actual occupant the value of the use of the premises pending the litigation, although he is, in claiming by title, averse to that of the plaintiff. If so, then this result would be obtained. An action is brought by A to recover a farm of land of which B is in the actual occupation. The plaintiff asks, and if the principle contended for is sound, is entitled to have a receiver, and an order that the defendant pay to him such sum as he, the receiver, shall deem the use of the property reasonably worth, or be punished as for a contempt.

It seems to me, therefore, that in an action of ejectment as such, and when no equity in favor of the plaintiff intervenes, no receiver of rents and profits can be appointed pending the litigation.

There are several matters charged in this complaint in regard to the manner of collecting the rents, the solvency of the occupants, and the views of the city officers as to the title of this estate and the propriety of a receiver.

I cannot discover the slightest connection between these allegations and the merits of this action. In ejectment, the plaintiff

recovers the value of the use and occupation, not the rents derived from leases of the property. He has, therefore, nothing to do, under ordinary circumstances, with the rents, unless the defendant (who must be the person to whom the rents are due) is insolvent. There is not in this case any pretence of insolvency.

There is no authority for appointing a receiver because the defendant is a transient person or insolvent, except in the case mentioned above.

It seems to me that the appointment of a receiver of the rents and profits, and the receipt of them by him, amount to a perfect ouster of the defendant. It is taking from him the subject-matter of the litigation without trial or judgment; and although it does not transfer it to the plaintiff at once, yet in the event of a recovery by the plaintiff it operates as a transfer by relation from the time of the entry by the receiver.

The distinction between legal and equitable actions is preserved by the constitution. The abolition of the forms of action does not interfere with the actions themselves.

·The Legislature could not, I apprehend, abolish the distinction between legal and equitable causes of action. The parties in those actions which were triable by a jury before the constitution of 1846, have still the right to have them thus tried. Without direct violation of the constitution, the jury in such cases cannot be dispensed with, except by the consent of the parties. An act of ejectment was one of the actions in which a jury trial was allowed to the parties as a matter of right. That right still exists, although the name has been changed. If, then, we are to treat the complaint in this case as the commencement of an equitable action, and therefore to be tried by the court, the defendants at the conclusion will find that the action is an ejectment in its operation, by whatever name it may be known.

It may be proper in an ejectment suit under the Code to incorporate in it such facts as show the propriety of the appointment of a receiver, or the issuing an injunction order. These facts thus stated do not change the nature of the action, or the rights of the parties as to the mode of trial.

Were this an equitable action, in both form and substance, I think I would not appoint a receiver on the matters set up

in this complaint. It is true, an apparently good title is shown in the plaintiff to the premises in question. This is one essential element in a complaint to entitle the plaintiff to a receiver, but it is not all. It must also appear that the appointment is necessary to protect the property, or its rents and profits, *pendente lite*.

When the defendant really liable is responsible and within the jurisdiction, then no such necessity can, under ordinary circumstances be made to appear. In this case the plaintiff is not entitled, and will never be entitled, to the rents received by the city as such. He will be, if he recovers, entitled to the value of the use. This may be more or less than the rents received. When insolvency of the defendant or other equitable consideration exists for the appointment of a receiver of the rents and profits, the rents and profits are taken either because the plaintiff is entitled to the rents as such, or unless they are seized, the plaintiff will be without remedy for the value of the use and occupation. I think, therefore, it may be affirmed as a general rule that a receiver cannot be appointed in an action of ejectment, unless some equitable grounds are made to appear entitling the plaintiff to the rents and profits as such, or that their sequestration is essential to his protection. A valid title in the plaintiff is essential, but not of itself sufficient to authorize the appointment of a receiver.

I am, therefore, of the opinion, that the order appealed from should be reversed, with costs.

CLERKE, J., concurred.